UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADRIAN EGUIA, <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF OF ALLEN COUNTY, IN, <br><br> Defendant. | CAUSE NO. 1:22-CV-168-DRL-SLC |

OPINION AND ORDER

Adrian Eguia, a prisoner without a lawyer, filed a complaint seeking damages for alleged unconstitutional conditions of confinement at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

This complaint stems from a class action lawsuit regarding the conditions of confinement at the Allen County Jail. *Morris v. Sheriff of Allen County*, No. 1:20-CV-34-DRL, 2022 WL 971098 (N.D. Ind. Mar. 31, 2022). In that case, the court certified a class of "all persons currently confined, or who would in the future be confined, in the Allen County Jail" under Federal Rule of Civil Procedure 23(b)(2) for injunctive and declaratory relief. *Id.* at 1. The court found at summary judgment that certain conditions of

confinement at the jail violated the Eighth and Fourteenth Amendments to the Constitution: "The overcrowding problem at the jail—which in turn has spawned an increased risk of violence, unsanitary and dangerous conditions in cells, insufficient recreation, and classification difficulties—has deprived this class of inmates 'the minimal civilized measure of life's necessities.'" *Id.* at 5 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The court also entered a permanent injunction to address the overcrowding, lack of sufficient staffing and recreation, and inadequate supervision of prisoners and continues to monitor the remediation of the unconstitutional conditions. *Id.* at 17.

Although Mr. Eguia is a member of the class in *Morris*, that class action was for declaratory and injunctive relief only. This means that to obtain damages Mr. Eguia must allege how he personally was injured by any constitutional violation. *See* 18A Fed. Prac. & Proc. Juris. § 4455.2 (3d ed.) ("[A]n individual who has suffered particular injury as a result of practices enjoined in a class action should remain free to seek a damages remedy even though claim preclusion would defeat a second action had the first action been an individual suit for the same injunctive relief."); *Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir 1996) ("[T]he general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events. In fact, every federal court of appeals that has considered the question has held that a class action seeking only declaratory or injunctive relief does not bar subsequent individual suits for damages." (quotation marks omitted)). Simply being in the presence of unconstitutional conditions at the jail is not enough to claim damages under 42 U.S.C. § 1983, unless Mr. Eguia himself was injured

2

by the conditions. A necessary element of a constitutional tort is "that the officer's act . . . caused any injury." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012). "[T]here is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic." *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013).

Turning to Mr. Eguia's complaint, it repeats many of the problems identified in the class action. Specifically, he complains that the jail is chronically overcrowded and staffing is insufficient. ECF 1 at 3. Among his allegations, he says that tension from overcrowding results in violence, inadequate staffing causes delays in responding to emergencies, and there are not enough beds so people are sleeping on the floor in almost every cell. *Id.* at 3. However, none of these general allegations are specific to Mr. Eguia, so they cannot form the basis of a claim for damages. Mr. Eguia specifically alleges that he has had to sleep on the floor with his head near the toilet, even when it is in use. ECF 1 at 3. He says he has not been to recreation in the two years he has been detained or otherwise had the opportunity to exercise or work out. *Id.* at 4. Further, he claims that has not been to one religious service. *Id.*

Because Mr. Eguia was a pretrial detainee, his claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Inmates are held in conditions that amount to punishment when they are not provided with "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting

3

*Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Beyond this, a pretrial detainee must also plausibly allege a defendant's "response was objectively unreasonable under the circumstances" and that the defendant "acted purposely, knowingly, or recklessly with respect to the consequences of [his] actions." *Mays v. Emanuele*, 853 F. App'x 25, 26-27 (7th Cir. 2021). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)).

Mr. Eguia's allegations about how he was affected by the conditions at the jail are insufficient to state a claim without additional supporting details. *See generally Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); *see also Iqbal*, 556 U.S. at 678 (facts must be sufficient so that a claim is "plausible on its face"). Specifically, an allegation of sleeping on the floor alone does not state a claim. *See, e.g., Rodmaker v. Krienhop*, No. 4:14-cv-070-TWP-TAB, 2014 WL 3671016, at *2 (S.D. Ind. July 23, 2014) (collecting cases) (pretrial detainees have no constitutional right to have an elevated bed and may be required to sleep with their mattress on the floor); *Robeson v. Squadrito*, 57 F. Supp. 2d 645, 647 (N.D. Ind. 1999) (same). Sleeping on the floor can contribute to a denial of "the minimal civilized measure of life's necessities," *Hardeman*, 933 F.3d at 820 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)), but the complaint lacks details about how it affected Mr. Eguia personally.

Similarly, Mr. Eguia does not explain how the lack of exercise or recreation has affected him. Lack of access to exercise may violate the constitution in "extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). However, restrictions on recreation must be analyzed in light of the other opportunities the inmates have for out-of-cell activities. *See Pearson v. Ramos,* 237 F.3d 881, 884 (7th Cir. 2001). The complaint here is silent on the details surrounding Mr. Eguia's daily activities.

Similarly, Mr. Eguia has a right under the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, to practice his religion. *See Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011); *Holt v. Hobbs*, 574 U.S. 352 (2015). But here, he does not say what his religion is or what steps he took in an attempt to practice his religion. Without more, this claim cannot proceed.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Eguia may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

Additionally, Mr. Eguia filed a motion for summary judgment, asking the court to enter summary judgment in his favor on the basis of the findings in the *Morris* class action. ECF 3. Until there is a complaint that states a claim here, it is too soon to determine what preclusive effect the class action might have on an individual suit for damages. The motion will be denied as premature.

For these reasons, the court:

(1) DENIES the motion for summary judgment (ECF 3);

(2) GRANTS Adrian Eguia until **August 12, 2022**, to file an amended complaint; and

(3) CAUTIONS Adrian Eguia if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

July 13, 2022                                  *s/ Damon R. Leichty*
                                                         Judge, United States District Court